We'll move on to the next case of the day, Calderon-Ramirez v. McCament, No. 164220. Ms. McClure. Good morning, Your Honors. May it please the Court, my name is Laura McClure and I represent the appellant Ruder Calderon-Ramirez. This case involves a dismissed district court proceeding for failure to state a claim under the Administrative Procedures Act and the Mandamus Act. The appellant is seeking adjudication of his U-Visa petition that he filed with the United States Citizenship and Immigration Services almost three years ago. You're not seeking adjudication from us? No, Your Honor. At this stage, we are seeking review of whether it was appropriate for the district court to dismiss the claim for failure to state a claim. The district court erred because the appellant properly stated a claim for relief under the APA and the Mandamus Statute. In this circumstance, the appellant was a victim of a violent assault in August of 2014 when he was stabbed in his leg and in his back. Congress established a U-Visa to provide legal status to victims of specific crimes and to provide protection to those victims. Congress also created a cap on the number of visas to 10,000 each year. Because of this, the USCIS issued federal regulations that created a duty for them to place all eligible applicants on the waiting list if a visa is not available. Placement on the waiting list occurs after USCIS determines an applicant is eligible for the visa but cannot receive one solely due to the cap. Courts in this jurisdiction have found that relief under the Mandamus Statute and the APA are essentially the same when a plaintiff seeks to compel an agency to act on a non-discretionary duty. Here, the appellees do not dispute that appellant has a right to adjudication of his petition and that they have a duty to adjudicate it. The only issue in dispute is whether the delay by the appellees in adjudicating his petition is unreasonable. What constitutes an unreasonable delay in the immigration context depends to a great extent on the facts of our particular case. While detailed factual allegations are not required in a pleading, appellant alleged detailed facts in his complaint that demonstrate why the delay is unreasonable. Appellant alleged that he was a victim of a violent crime, that he suffered physical and mental harm, and that he is a member of an extremely vulnerable population. He also alleged that he had waited nearly three years without work authorization or any protection from deportation. What makes him unique then? Aren't you saying that the backlog is the unreasonable delay? What makes it unique about this individual plaintiff? Well, in this particular instance, Your Honor, it's the fact that he is a victim of a crime. Well, so are all you visa applicants. Yes, Your Honor, and this court is determining whether the delay is unreasonable in the factual circumstances of each case. So the date of filing, for instance, appellant has shown this court that other applicants have been adjudicated after his petition was filed. So the argument by the appellees that he has to wait in line for his petition to be adjudicated, the mere fact that other petitions that have been adjudicated after his show that that is not the case. Also, the appellees say that the wait list... Do the immigration authorities ever ask for additional information about these new visas? Yes, they do, Your Honor, and that's part of the first part of the determination for the wait list. Before an individual is placed on the wait list, they have to prove that they're eligible and prove all aspects have been met for the visa. Right, so that's the main event, right? Correct, Your Honor. But some cases are more complicated than others. Some may need more information. Why isn't that? Presumably, but the appellee's argument here, Your Honor, is that all applications are adjudicated in the order that immigration receives them, which is not what the wait list regulations indicate. Rather, the prioritization is only at the stage where the visa is actually issued itself. So arguing that that makes the delays reasonable because appellant's petition was filed after the published processing times does not render the delay reasonable. The fact that USCIS has taken this long to adjudicate his petition when they delayed processing regulations for the visa in the first instance for a period of eight years also further demonstrates the unreasonableness of the delay. So, counsel, let me just be very candid about what I see as the problem here. I can try to imagine your client's frustration and impatience with this process. I also know that we have an immigration system that is underfunded and understaffed in terms of the mandates that they receive from Congress. And it's hard to see how the system would work any better if this U-Visa waiting list process were to be managed by the federal courts granting a series of first tens and then hundreds and then thousands of separate individual writs of mandamus to move people together. And what if the district court in Illinois says put this person first and the district court in South Carolina says put that person first? This sounds like a recipe for chaos. Well, Your Honor, first of all, the district court erred in dismissing for failure to state a claim. Appellant clearly stated a claim for relief. Please address my concern. Yes, but your concern, Your Honor, is, you know, the question for the court is whether it's reasonable or not to make victims of crimes wait for a long period of time. More than others. More than others. In other instances, other applications, these types of claims. Are you trying to get more funds and staffing for U-Visa applications in particular? Perhaps as a result of this court's ruling that the delay is unreasonable, that is exactly what the appellees will do. However, that's not what appellant is asking this court to determine. Appellant is asking this court to determine that making a victim of a crime such as this wait for over three years for adjudication of his application is unreasonable. What law gives us a measure for reasonableness here? Sure, Your Honor. There is a statute from 2000 passed by Congress, 8 U.S.C. 1571. Courts in this jurisdiction have said that this can be a standard for reasonable processing time informed by the sense of Congress expressed in that law. That the processing of an immigration benefit application should not be completed any later than 180 days after the initial filing of an application. Should not. Should be completed no later. Should be completed. Yes, Your Honor. Sounds a little short of mandamus language. Well, and then this court, or excuse me, not this court, other courts in this jurisdiction, the lower district court level, have found a certain standard and process for the courts to consider. Meaning that it's a fact specific inquiry, which is why this case in particular should be remanded to the district court for further fact finding on those specific issues. As stated earlier, there is no prioritization. So even if this court were to find that appellant's wait is unreasonable, he would not move ahead of the line in front of any other applicants. Because his determination of prioritization on the wait list, he would never receive his visa ahead of anyone else who filed before him in time. If I have any time left for rebuttal, I would like to use that time now. OK. The white light didn't go on. Yeah, I didn't see the light. That's what I was asking. OK. OK. Thank you. And for defendants, Ms. Bingham. May it please the court. I'm Lauren Bingham on behalf of the government in this action. The district court correctly dismissed Mr. Calderon Ramirez's case for a few different reasons. First of all, he failed to state a claim for mandamus because USCIS does not have a duty to adjudicate his petition immediately or to adjudicate his petition in a certain amount of time. Secondly, the district court correctly dismissed his APA claim because the agency has not failed to take any action that it is required to take, and any delays in this case have been reasonable. The delays in this case have been reasonable given the huge… How do we decide that on the pleadings? Your Honor, appellant makes a lot about that this should be a fact-specific inquiry, but they have totally failed to allege any facts that make him unique or different than anyone else in his position. Like Your Honor's mentioned, he is a victim of crime, but so is everyone else that is applying for a U visa. And because USCIS publishes processing times on their website that is available to the public, it is easy to discern that his application has been pending within the same amount of time as… It is average for… I'm sorry, I'm saying this badly. His application has not been pending any longer than those that have been filed at the same time as him. The argument we're getting, though, is that some other folks who filed after him have been put on the waiting list. So, Your Honor, I can address that, and I see that appellant had attached a couple of filings to their reply. First of all, one of the filings was indeed filed earlier in time than his petition, so that would be consistent with USCIS's general duty to adjudicate these in the order that they are received. Second of all, obviously these are redacted, so I can't discern the circumstances behind any of these cases. And even if I was able to, I would be prevented by the confidentiality provisions at 8 U.S.C. 1367 from disclosing them. To get into it, though, there is a way under certain circumstances that ICE, Immigration and Customs Enforcement, can request an expedite. For example, if someone is in removal proceedings or if they are detained at government expense, ICE can request an expedite. So that may or may not be the circumstance in one of those filings. And furthermore, just because USCIS has a general duty to adjudicate these in the order that they are received, that does not necessarily mean that they will be placed on the waiting list in that exact order, because, of course, some adjudications may be more complex than others. Some might take a long time to resolve, where others are more straightforward. Of course, the prioritization on the wait list is governed by the filing date. Can you see an outer limit at which five years? I mean, at what point should the court say, look, enough, you've got to act? Well, I think under mandamus that a plaintiff would have to allege that essentially there was no adjudication. So, for example, if they allege that there was no one working on U visa adjudications. Is agency action unreasonably delayed under the APA? Under the APA, I think it's possible. However, I think it's clear under the circumstances here that it's not the case. So describe circumstances that you think would amount to unreasonable delay. I think that it would be an unreasonable delay if he was situated differently than others who filed at the same period of time. So if, for example, the processing deadlines right now are August 25, 2014. So as of this weekend, I checked before the argument. So more than three years. Yes, that's correct. So if his application had been filed earlier in time than those published processing times, I think he could make an allegation of an unreasonable delay because he would, in that case, be situated differently than other people who had filed at the same time as him. So as long as the similarly situated applicants are all being delayed to the same extent, even if it's a decade or longer, they wouldn't be available or APA relief wouldn't be available to them? Well, I think the delay wouldn't be unreasonable because here we have a situation where USCIS has put forward a reasonable framework for adjudicating these applications. First of all, there's the simple fact that Congress has limited these visas to $10,000 per year, and there's no way that USCIS can get around that. Second of all, we have the fact that these huge increasing numbers are being filed every year, just skyrocketing numbers. And third of all, like I said, he is similarly situated to other applicants. Fourth of all, as Your Honors alluded to earlier, if the relief that he has requested would be granted, it would just invite a flood of mandamus litigation, and it would also cause problems for people who filed earlier in time than him and perhaps create differing results across the country like you were alluding to if district courts are finding unreasonable delays two years here, seven years here, ten years here, et cetera. Why wouldn't, let's say, a class action be appropriate to try to get a mandamus for additional resources? That's not the situation that we have here, Your Honor. No, the arguments you make seem to point in that direction, that that would offer more hope for systemic improvement, right? Not doing one mandamus for one application at a time, but to bring a broader APA challenge to say that immigration authorities are unreasonably delaying the processing of U visa waiting lists. Again, Your Honor, that's not the case we have here, but I don't think it would change the simple fact that USCIS is doing the best. I know that's not the case here. The arguments you are making invite that case. I just want to make sure you're understanding that. Again, if that case were to be brought, I don't think that it would change the fact that, one, USCIS has allocated additional resources to trying to alleviate the backlog, and it's sort of like a traffic jam situation. Those in the front are starting to move, but, of course, the delay has gotten even bigger, and those in the back are not going to necessarily notice that right away. So even if a class action were brought, I don't think that that would change the fact that, again, the backlog here is caused by this huge number and increasing number of filings. So to get back to my argument, another reason that the adjudication process is taking a long time is because this is very complex. It is essentially a two-step adjudication. It is essentially a full adjudication to be placed on the wait list, and then, again, another full adjudication when the U visa is actually granted. Isn't that just next in line? I mean, it doesn't apply any discretionary analysis. So not necessarily, Your Honor, because of the time that these applications could be pending due to the statutory cap. It is essentially a new adjudication. One, the person could have perhaps received another immigration benefit in the time that their application was pending, adjusted through another means. One, they could also have perhaps committed a crime that would render them inadmissible and maybe require a waiver or at least additional information to see if the waiver was available on that new ground. It could be that the law enforcement certification was disavowed. That is an option that law enforcement have if, for example, the person stopped cooperating. So it is essentially a double adjudication. So what happens? You said ICE authorities can come in and say, we want you to expedite this one because somebody is in removal proceedings and they have their pending U visa application. If ICE is not that cooperative, would an injunction be appropriate? Could it be appropriate to say, no, you really need to move on this before immigration moves forward on a removal proceeding? Well, there's no allegation in this case that he's in removal proceedings or anything. What you're telling us, if I'm doing the math right, is that he can probably expect a decision about six months from now based on his application in early February 2015. Okay, if that works, that's great, but what if in the meantime he's put in removal proceedings? If he is put in removal proceedings, then ICE would have the option to request an expedite if that was appropriate. Would a district court? I don't believe so, Your Honor. The reason that ICE has this ability to expedite it is really a question of government resources. It's obviously very resource intensive to put someone in removal proceedings and come around to that removal decision and even remove them. So this is a way for the government to conserve resources if the person was to be placed in removal proceedings. But again, I'd like to emphasize there's no allegation in this case that that is happening or imminent. Any further questions, Your Honor? Thank you very much. The government would rest on its feet. Thank you very much, Ms. Bingham. Rebuttal, Ms. McClure? Yes, Your Honors. I just want to address a couple points that were raised by Your Honors in the appellee's argument. The first issue is what is the limit, right? So I think it's important for the court to understand that from April of 2015 until present time, USCIS has only moved processing times from applications filed in May of 2014 to applications filed in August of 2014. So that's a two-and-a-half-year period of time where USCIS only processed three months' worth of applications filed. Appellant argues that this clearly demonstrates the unreasonableness of the delay in this context. Moreover, the cases that were mentioned previously that are included in appellant's appendix are actually cases of appellant's counsel and myself. And so I can tell Your Honors that there was no extenuating circumstances such that appellee's counsel suggested where a case was expedited or any other factors existed that would explain why those cases were adjudicated before appellant's petition. And in fact, the one that was adjudicated before appellant's petition was still adjudicated after the published processing time. So technically, the argument of prioritization doesn't fit for those reasons. Finally, if this court were to accept appellee's argument regarding reasonableness, appellant could wait an unknown amount of time for processing of his petition. That's precisely why claims under the APA and Mandamus Act are brought before this court and why such a cause of action exists. In conclusion, appellant properly stated a claim for relief, and we request that this court reverse the decision of the district court. Thank you. Okay, thank you very much. Thanks to both counsel. The case will be taken under advisement.